IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 22-cv-02596-CMA
(Criminal Action No. 16-cr-00169-CMA-GPG)

UNITED STATES OF AMERICA,

v.

ROBERT TIMOTHY ALLEN,

      Defendant.

---

## ORDER DENYING 28 U.S.C. § 2255 MOTION

---

      Defendant, Robert Timothy Allen, has filed *pro se* on October 3, 2022, a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 159). On October 4, 2022, the action was reassigned to this Court. (*See* ECF No. 160.) For the reasons discussed below, the § 2255 motion will be denied.

      Mr. Allen was convicted of depredation of government property under 18 U.S.C. § 1361 and he was sentenced to thirteen months in prison and three years of supervised release. Mr. Allen also was ordered to pay restitution. On appeal (ECF No. 137), the United States Court of Appeals for the Tenth Circuit affirmed Mr. Allen's conviction but vacated the restitution order and remanded for the purpose of determining a lawful restitution amount. On July 21, 2021, the Honorable Marcia S. Krieger Court entered an Opinion and Order Addressing Restitution (ECF No. 152).

      On July 11, 2022, Mr. Allen filed two nearly identical motions pursuant to 28 U.S.C. § 2255. (*See* ECF Nos. 155 & 156.) On July 25, 2022, Judge Krieger denied the

motions in a text entry that provides in relevant part as follows:

> Mr. Allen has filed two *pro se* motions seeking to vacate his conviction and/or sentence under 28 U.S.C. 2255. In both filings, Mr. Allen does not identify any claims supporting his motion. Rather, he states simply "I request . . . an extension of time to complete my statement of claims." Mr. Allen does not provide any explanation of the circumstances that warrant an extension of time nor otherwise attempt to show good cause as to why an extension should be granted. Without a showing of good cause, Mr. Allen's request for an extension of time is denied and his motions are denied without prejudice for failure to state the claims Mr. Allen asserts. Mr. Allen may, if otherwise permissible under 28 U.S.C. 2255(f), file a new motion that specifically identifies the grounds he wishes to raise and the supporting facts.

(ECF No. 157.)

The § 2255 motion filed on October 3, 2022, is not signed and Mr. Allen again fails to identify any claims for relief. Instead, he "request[s] an extension of time (180 days) to complete my statement of claims, because I have newly discovered facts/evidence which I am assembling to support my motion." (ECF No. 159 at p.4.)

The § 2255 motion will be denied because Mr. Allen fails to comply with Rules 2(b)(1) and 2(b)(2) of the Rules Governing Section 2255 Cases in the United States District Courts. Those rules require the movant to "specify all the grounds for relief available to the moving party" and to "state the facts supporting each ground."

The request for an extension of time also will be denied because Mr. Allen's vague and conclusory reference to newly discovered facts and evidence does not demonstrate good cause for an extension of time.

Accordingly, it is

ORDERED that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 159) filed October 3, 2022, is denied without prejudice.

DATED:   October 6, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
Senior United States District Judge